UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| U.S. BANK NATIONAL ASSOCIATION, d/b/a U.S. BANK EQUIPMENT FINANCE successor in interest to U.S. BANCORP EQUIPMENT FINANCE, INC.<br><br>Plaintiff,<br><br>v.<br><br>BERNAL GRAPHICS, INC., ALEJANDRO BERNAL, individually, and ESTELA BERNAL, individually,<br><br>Defendants. | Case No. 12-3202<br>12CV3202<br>Claim Amount: $142,546.65, plus prejudgment interest at the rate of 8% per annum and attorneys fees and costs.<br><br>Judge Bucklo |

Defendant Estela Bernal's Answer to **COMPLAINT**

NOW COMES Estela Bernal, pro se Defendant, answers the Complaint as follows:

## PARTIES

1.  U.S. Bank National Association, d/b/a U.S. Bank Equipment Finance, is duly organized and existing under the laws of the United States, with its principal place of business in Minneapolis, Minnesota. By virtue of a corporate merger effective January 1, 2012, U.S. Bank is the successor in interest to U.S. Bancorp Equipment Finance, Inc., an Oregon corporation, which, by virtue of a corporate merger dated January 1, 2011, was the successor in interest to

Lyon Financial Services, Inc. d/b/a U.S. Bancorp Business Equipment Finance Group. U.S. Bank is licensed to do business in the State of Illinois.

*Answer: Defendant is without sufficient knowledge to admit or deny.*

2. Bernal Graphics is an Illinois corporation with its principal place of business located at 1900 N. Austin Avenue, Chicago, Illinois 60639.

*Answer: Admit.*

3. A. Bernal is a citizen of the State of Illinois residing at 4918 Pratt Avenue, Skokie, Illinois 60077.

*Answer: Admit*

4. E. Bernal is a citizen of the State of Illinois residing at 4918 Pratt Avenue, Skokie, Illinois 60077.

*Answer: Admit*

## JURISDICTION AND VENUE

5. This Court has jurisdiction over this matter pursuant to 28 U.S.C. § 1332 insomuch as the parties are of diverse citizenship and the amount in controversy exceeds $75,000.00, exclusive of interest and costs.

*Answer: Defendant is without sufficient knowledge to admit or deny.*

6. Venue is proper in this Court pursuant to 28 U.S.C. § 1391, as the Defendants reside in this judicial district and the events giving rise to the instant action occurred in this judicial district.

*Answer: Defendant is without sufficient knowledge to admit or deny.*

## BACKGROUND

### First Agreement

7. On May 10, 2011, Konica Minolta Premier Finance ("KMPF"), a non-party, as lessor, and Bernal Graphics, as lessee, entered into Premier Lease Agreement No. 285632 (the "First Agreement"), for the lease of certain equipment described in the First Agreement (the "First Equipment"), and Bernal Graphics agreed to make thirty-six (36) consecutive monthly payments of $120.45 to KMPF thereunder. A true and correct copy of the First Agreement is attached hereto as Exhibit 1.

*Answer: Defendant is without sufficient knowledge to admit or deny.*

2

8. To induce KMPF to enter into the First Agreement with Bernal Graphics, A. Bernal and E. Bernal personally guaranteed Bernal Graphics' obligations under the First Agreement (the "First Guaranties"). A true and correct copy of the First Guaranties is attached hereto and incorporated in Exhibit 1. *Answer: Defendant E. Bernal denies this.*

9. On May 9, 2011, Bernal Graphics executed the Delivery and Acceptance Certificate (the "First Acceptance") in which it certified that the First Equipment was delivered and accepted. A true and correct copy of the First Acceptance is attached hereto as Exhibit 2. *Answer: Defendant is without sufficient knowledge to admit or deny.*

10. On May 10, 2011, KMPF assigned and transferred to U.S. Bank, all of its right, title and interest, in the First Agreement and the First Equipment. A true and correct copy of the First Assignment is attached hereto as Exhibit 3. *Answer: Defendant is without sufficient knowledge to admit or deny.*

11. Bernal Graphics made three (3) of the thirty-six (36) payments due under the First Agreement, but failed to make payment due on September 29, 2011, and all payments due thereafter. *Answer: Defendant is without sufficient knowledge to admit or deny.*

**Second Agreement**

12. On July 11, 2011, KMPF, a non-party, as lessor, and Bernal Graphics, as lessee, entered into Premier Lease Agreement No. 292355 (the "Second Agreement") for the lease of certain equipment described in the Second Agreement (the "Second Equipment"), and Bernal Graphics agreed to make sixty (60) consecutive monthly payments of $1,827.00 to KMPF thereunder. A true and correct copy of the Second Agreement is attached hereto as Exhibit 4. *Answer: Defendant is without sufficient knowledge to admit or deny.*

13. To induce KMPF to enter into the Second Agreement with Bernal Graphics, A. Bernal and E. Bernal personally guaranteed Bernal Graphics' obligations under the Second Agreement (the "Second Guaranties"). A true and correct copy of the Second Guaranties is attached hereto and incorporated in Exhibit 4.

*Answer: Defendant E. Bernal denies this.*

14. On May 9, 2011, Bernal Graphics executed the Delivery and Acceptance Certificate (the "Second Acceptance") in which it certified that the Second Equipment was delivered and accepted. A true and correct copy of the Second Acceptance is attached hereto as Exhibit 5. **Answer: Defendant is without sufficient knowledge to admit or deny.**

15. On July 11, 2011, KMPF assigned and transferred to U.S. Bank, all of its right, title and interest, in the Second Agreement and the Second Equipment. A true and correct copy of the Second Assignment is attached hereto as Exhibit 6.
**Answer: Defendant is without sufficient knowledge to admit or deny.**

16. Bernal Graphics made zero (0) of the sixty (60) payments due under the Second Agreement. **Answer: Defendant is without sufficient knowledge to admit or deny.**

17. U.S. Bank has performed all its obligations under the First Agreement and the Second Agreement (collectively referred to as the "Agreements").
**Answer: Defendant is without sufficient knowledge to admit or deny.**

18. A. Bernal and E. Bernal defaulted under the First Guaranties and the Second Guaranties (collectively referred to as the "Guaranties") by failing to make timely payments when due. **Answer: Defendant E. Bernal denies that she failed to make payments.**

19. U.S. Bank has demanded payment from Bernal Graphics, A. Bernal and E. Bernal under the Agreements and the Guaranties, but they have failed and refused to make payments when due. **Answer: Defendant E. Bernal is without sufficient information to admit or deny.**

20. U.S. Bank has been damaged in the amount of $142,546.65, plus prejudgment interest at the rate of 8% per annum and attorneys' fees and costs. **Answer: Defendant E. Bernal is without sufficient information to admit or deny.**

### COUNT I - BREACH OF CONTRACT
### AGAINST BERNAL GRAPHICS, INC.

21. U.S. Bank realleges and reasserts Paragraphs 1 through 20 of its Complaint as though fully set forth herein.
**Answer: Defendant realleges its answers to Paragraphs 1 through 20 as though fully set forth herein.**

22. Bernal Graphics defaulted under the Agreements by failing and refusing to make payments when due, and therefore, Bernal Graphics is indebted to U.S. Bank in the amount of $142,546.65, plus prejudgment interest at the rate of 8% per annum and attorneys' fees and costs. *Answer: Defendant is without sufficient knowledge to admit or deny.*

WHEREFORE, Plaintiff U.S. Bank National Association, d/b/a U.S. Bank Equipment Finance, successor in interest to U.S Bancorp Equipment Finance, Inc., respectfully requests that the Court enter judgment in its favor and against Defendant Bernal Graphics, Inc. in the amount of $142,546.65, plus interest at the rate of 8% per annum, attorneys' fees and costs as well as all other such relief which this Court deems just. *Defendant E. Bernal denies that she owes Plaintiff any money as she was not a party to the contract.*

### COUNT II - BREACH OF GUARANTY
### AGAINST ALEJANDRO BERNAL, INDIVIDUALLY

23. U.S. Bank realleges and reasserts Paragraphs 1 through 22 of its Complaint as though fully set forth herein. *Answer: Defendant realleges and reasserts its answers to Paragraphs 1 through 22 as though fully set forth herein.*

24. A. Bernal defaulted under the Guaranties by failing and refusing to make payments when due, and therefore, U.S. Bank has been damaged in the amount of $142,546.65, plus interest at the rate of 8% per annum and attorneys' fees and costs. *Answer: Defendant is without sufficient knowledge to admit or deny.*

WHEREFORE, Plaintiff U.S. Bank National Association, d/b/a U.S. Bank Equipment Finance, successor in interest to U.S Bancorp Equipment Finance, Inc., respectfully requests that the Court enter judgment in its favor and against Defendant Alejandro Bernal, individually, in the amount of $142,546.65, plus interest at the rate of 8% per annum, attorneys' fees and costs as well as all other such relief which this Court deems just.

*Defendant E. Bernal is without sufficient knowledge and therefore denies these claims.*

5

### COUNT III - BREACH OF GUARANTY
### AGAINST ESTELA BERNAL, INDIVIDUALLY

25. U.S. Bank realleges and reasserts Paragraphs 1 through 24 of its Complaint as though fully set forth herein.

Answer: Defendant realleges and reasserts her answers Paragraphs 1 through 24 as though fully set forth herein.

26. E. Bernal defaulted under the Guaranties by failing and refusing to make payments when due, and therefore, U.S. Bank has been damaged in the amount of $142,546.65, plus interest at the rate of 8% per annum and attorneys' fees and costs.

Answer: Deny

WHEREFORE, Plaintiff U.S. Bank National Association, d/b/a U.S. Bank Equipment Finance, successor in interest to U.S Bancorp Equipment Finance, Inc., respectfully requests that the Court enter judgment in its favor and against Defendant Estela Bernal, individually, in the amount of $142,546.65, plus interest at the rate of 8% per annum, attorneys' fees and costs as well as all other such relief which this Court deems just.

Answer: Defendant E. Bernal denies that Plaintiff is entitled to any damages from her.

### COUNT IV - REPLEVIN
### AGAINST BERNAL GRAPHICS, INC.

27. U.S. Bank realleges and restates Paragraphs 1 through 26 of its Complaint as though fully set forth herein.

Answer: Defendant realleges and restates her answers to Paragraphs 1 through 26 as though fully alleged herein.

28. Due to Bernal Graphics' default under the Agreements, U.S. Bank is entitled to the return of the First Equipment and the Second Equipment (collectively referred to as the "Equipment"), as U.S. Bank is the owner of the Equipment.

Answer: Defendant is without sufficient knowledge to admit or deny.

29. The Equipment is being wrongfully retained by Bernal Graphics.

Answer: Defendant is without sufficient knowledge to admit or deny.

30. The Equipment has not been taken for any tax, assessment, or fine levied by virtue of any law of this State, against the property of U.S. Bank, nor seized under any lawful process against the goods and chattels of U.S. Bank subject to such lawful process, nor held by virtue of any order for replevin against U.S. Bank.

Answer: Defendant is without sufficient knowledge to admit or deny.

31. U.S. Bank has demanded return of the Equipment from Bernal Graphics, but Bernal Graphics has failed to return the Equipment.

*Answer: Defendant is without sufficient knowledge to admit or deny.*

WHEREFORE, Plaintiff U.S. Bank National Association, d/b/a U.S. Bank Equipment Finance, successor in interest to U.S Bancorp Equipment Finance, Inc., respectfully requests that the Court enter an Order directing the United States Marshal to use all necessary force to repossess the Equipment or any portion thereof from Defendant Bernal Graphics, Inc. located at 1900 N. Austin Avenue, Chicago, Illinois 60639, or wherever it may be found, and enter a judgment against Defendant Bernal Graphics, Inc. for the value of any Equipment not so returned, plus attorneys' fees and costs, as well as all other such relief which this Court deems just.

*Answer: Defendant A. Bernal is without sufficient knowledge to admit or deny so denies that Plaintiff is entitled to relief.*

## COUNT V- DETINUE
### AGAINST BERNAL GRAPHICS, INC., ALEJANDRO BERNAL, INDIVIDUALLY AND ESTELA BERNAL, INDIVIDUALLY

32. U.S. Bank realleges and restates Paragraphs 1 through 31 of its Complaint as though fully set forth herein.

*Answer: Defendant realleges and restates her answers to Paragraphs 1 through 31 as though fully set forth herein.*

33. U.S. Bank is the owner and/or has a security interest in the Equipment and is lawfully entitled to possession of the Equipment as evidenced by the Agreements.

*Answer: Defendant is without sufficient knowledge to admit or deny.*

34. The Defendants are wrongfully retaining possession of the Equipment because the Defendants have defaulted under the terms of the Agreements and the Guaranties by failing and refusing to make timely payments when due, and the Defendants have no right, title or interest in the Equipment.

*Answer: Defendant is without sufficient knowledge to admit or deny.*

35. Upon information and belief, the Equipment is in the Defendants' possession and control.

*Answer: Defendant is without sufficient knowledge to admit or deny.*

7

Wherefore, Defendant Estela Bernal denies that Plaintiff is entitled to any relief against her.

Respectfully Submitted,

Estela Bernal
4918 Pratt Ave.
Skokie, IL 60077
847-763-0936

*/s/ Estela Bernal*
Estela Bernal

8

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN ILLINOIS

US Bank National Assoc. )
)
)
Plaintiff )
)
) Case No. 12-3202
v. )
Bernal Graphics, Inc., et. al. ) Judge: Bucklo
)
Defendant. )

TO: Alex Darcy
Askounis & Darcy, PC
401 N. Michigan Ave., Suite 550
Chicago, IL 60611

### CERTIFICATE OF SERVICE

I hereby certify that on October 29, 2012, I provided a copy of Answer to Complaint to the person or persons listed above by the following means: (circle one) **first class mail**, hand delivery, ECF.

Signature: *Estela Bernal* Date: October 27, 2012

Name (Print): Estela Bernal

Address: 4918 Pratt Ave. Phone: 847-763-0936
Skokie, IL 60077

9